IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LLOYD DONNELL RAWLS, | § | |
| TDCJ-CID NO.678388, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-06-2104 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner in this habeas corpus proceeding seeks a voluntary dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure because his understanding is that he must first go through the lower courts. (Docket Entry No.7). The Court will grant petitioner's motion for the reason to follow.

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). A claim is exhausted when a habeas petitioner provides the highest state court with a "'fair opportunity to pass upon the claim,' which in turn requires that the applicant 'present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.'" *Id.* (quoting *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)).

On direct appeal, petitioner challenged his 1993 aggravated sexual assault conviction on the ground that the State's use of peremptory strikes violated the holding of *Batson v. Kentucky*, 476 U.S. 79 (1986). The Fourteenth Court of Appeals for the State of Texas disagreed and affirmed the judgment of the state district court in an unpublished opinion. *Rawls v. State*, No. B14-93-00389-

CR (Tex. App.—Houston [14th Dist.] Aug. 4, 1994, no pet.).  Petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals.  Petitioner filed a state habeas corpus application with the state district court, which the Texas Court of Criminal Appeals denied without written order on the trial court's findings without a hearing on September 19, 1997.  (*Id.*); Texas court website.[1]  Petitioner does not indicate the grounds that he raised in his state habeas application.  He does, however, indicate that he has presented in the pending petition a claim regarding his trial counsel's performance that he did not present to the Texas Court of Criminal Appeals.  (Docket Entry No.1).  Because petitioner has presented an unexhausted claim in this federal habeas petition, his petition is subject to dismissal under 28 U.S.C. § 2254.[2]

A court exercising its discretion in considering a voluntary dismissal must follow the traditional principle that dismissal should be allowed unless the respondent will suffer some plain prejudice other than the mere prospect of a second lawsuit.  *See LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976);  *Holiday Queen Land Corp. v. Baker*, 489 F.2d 1031, 1032 (5th Cir. 1974).  No such prejudice has been shown in the instant case.

Accordingly, petitioner's motion for a voluntary dismissal (Docket Entry No.7) is GRANTED, and this case is DISMISSED without prejudice.

The Clerk will provide copies to the parties.

Signed at Houston, Texas, this 21st day of September, 2006.

                                        MELINDA HARMON
                                        UNITED STATES DISTRICT JUDGE

---

[1]  http://www.cca.courts.state.tx.us/opinons/EventInfo.asp?EventID=1795165

[2]  This petition may also be subject to dismissal pursuant to the one year limitations period found in 28 U.S.C. § 2244(d).